■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RILEY, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CASSANDRA FRYER, Appellant.—(People v Riley.) Judgment of conviction, Supreme Court, New York County, of criminal sale of a controlled substance, third degree, rendered January 5, 1979, unanimously reversed, on the law, and the case remanded for a new trial. "In view of the evidence in this case [see below], the People concede that Riley's request for an agency charge should have been granted." (People v Fryer.) Judgment of conviction, Supreme Court, New York County, of criminal sale of a controlled substance, third degree, rendered January 5, 1979, affirmed. Concur—Kupferman, J. P., Birns, Sandler and Bloom, JJ.

Markewich, J., dissents in a memorandum with respect to the appeal in People v Fryer, as follows: Jointly indicted defendants appeal separately from their convictions at a single trial. It is not possible to consider the two separate appeals except as one. The operative facts are exceedingly simple, though their consideration could easily lead to convoluted discussion, to be avoided here. Since Riley must, in any event, be accorded a new trial, no consideration is given here to his contention that he was misidentified.* The recital of facts is taken from the prosecutor's brief because I am persuaded that, even on that presentation, appellant Fryer—possibly also Riley—should have been accorded the classic charge on evaluation of circumstantial evidence. Stated starkly, the evidence was that an undercover policeman went to an apartment, where Riley answered his ring. The officer told Riley he wished to buy a $50 "tin of coke." Told to wait, he was shortly rejoined by Riley, repeated the request, and handed over the money. Riley went out the front door, followed by the undercover and his partner, and down the building's stoop, proceeding to a spot next to an empty lot. Fryer was walking her dog at this point, and Riley left the two officers and proceeded to carry on an unheard conversation with her, following which he gave her the money, and the two walked back together to a building adjacent to where the officer had visited Riley; she entered while Riley waited outside. She emerged four minutes later, walked to Riley's building and placed on the stoop a folded dollar bill containing a powder, later

* The arrests were made by backup police at a date later than the alleged sale.

established to be cocaine. She left. Riley and the undercover officer .walked to the stoop, where Riley picked the bill and contents up, and gave them to the officer. To establish a case against Fryer it had to be inferred by the triers of the facts from the circumstances known through the senses of the observer witness and transmitted to them either that the conversation between Riley and Fryer described the transaction Riley was promoting (or that they had a previous understanding or communication on the subject), that she transmitted this message to a supplier who gave her the stuff, either as agent for that supplier or for Riley, that she knew the contents of the small package she brought back and placed on the stoop—in short, that she was, as the indictment charged, acting in concert with Riley, knowingly, to sell contraband. Indeed, the agency defense concededly available to Riley rather complicates the situation, involving as it does the necessity of an inference being drawn, to justify his conviction, that his intent was to act not as the agent of the buyer, but of the supplier, independently, with a consequent inference required to establish whose agent Fryer was. There exists the distinct possibility that resolution of Riley's agency defense, i.e., the jury's finding as to the intent with which he participated in the transaction, may make it necessary, by drawing an inference from an inference in finding Fryer's intentions to have been guilty ones. In any event, the case against Fryer, as to the elements of intent and knowledge certainly, is wholly circumstantial, as the court should have recognized and charged, even in the absence of specific request therefor. (CPL 300.10, subd 2.) Fryer's conviction should therefore also be reversed, and the case against her, too, remanded for a new trial.